# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA HERNDON,<br><br>                    Plaintiff,<br>vs.<br>THE ORGANIZER,<br><br>                    Defendant. | CASE NO. 10cv1350-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion for Leave to Proceed in Forma Pauperis (Doc. # 2) and the Motion to Appoint Counsel (Doc. # 3).

## BACKGROUND

On June 25, 2010, Plaintiff Gina Herndon, a nonprisoner proceeding pro se, initiated this action by filing a Complaint in this Court. (Doc. # 1). On June 25, 2010, Plaintiff filed the Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"), and the Motion to Appoint Counsel. (Doc. # 2, 3).

## ANALYSIS

### I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

In her affidavit accompanying the Motion to Proceed IFP, Plaintiff states that she has not been employed since 2008, but she receives $850 a month in Social Security disability benefits. (Doc. # 2 at 2). Plaintiff states that she has no assets of value; she has $6,000 of debt; and she has one dependent, Nicholas Herndon. (Doc. # 2 at 2-3). The Court has

1 reviewed Plaintiff's affidavit and finds it is sufficient to show that Plaintiff is unable to pay the fees required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.     Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)

After granting IFP status, the Court must dismiss the case sua sponte if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction").

Federal courts–unlike state courts–are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *See id*. In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a). To invoke federal question jurisdiction, the complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d

1  52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states
2  a claim for relief must contain ... a short and plain statement of the claim showing that the
3  pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the
4  grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic
5  recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550
6  U.S. 544, 555 (2007) (quotation omitted).

7  The Complaint, in its entirety, reads: "This company has been harassing me. Since I
8  joined as a client I have not received sufficient payment to maintain throughout the course of
9  the week. They have been with holding hundreds of dollars while I have been starving. Also,
10 they have been hostile." (Doc. # 1 at 1).

11 These allegations are insufficient to put Defendant on notice of the claims against it, as
12 required by Rule 8 of the Federal Rules of Civil Procedure. The Court finds that Plaintiff fails
13 to state a claim on which relief can be granted. The Complaint also fails to allege a basis for
14 federal court subject-mater jurisdiction. Accordingly, the Complaint is dismissed.

15 **III.    Appointment of Counsel**

16 In light of the Court's sua sponte dismissal of the Complaint, Plaintiff's request for
17 appointment of counsel is denied as moot.

18 **CONCLUSION**

19 IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis
20 (Doc. # 2) is GRANTED. The Complaint is DISMISSED without prejudice. No later than
21 THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint,
22 which shall be entitled, "First Amended Complaint," and which shall comply with the Federal
23 Rules of Civil Procedure and adequately allege a basis of subject-matter jurisdiction. If
24 Plaintiff does not file a first amended complaint within thirty days, the Court will order this
25 case to be closed. The Motion to Appoint Counsel (Doc. # 3) is DENIED as moot.
26 DATED: June 30, 2010

27
28                                                  **WILLIAM Q. HAYES**
                                                    United States District Judge